*E-Filed 2/4/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERNESTO RODRIGUEZ,

    Petitioner,

    v.

JAMES WALKER, Warden,

    Respondent.

No. C 12-2192 RS (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

Petitioner seeks federal habeas relief from the application of a state law which prevents him from earning conduct credits. For the reasons set forth below, the petition for such relief is DENIED.

## BACKGROUND

In 2001, petitioner was convicted in state court of attempted murder and assault with a firearm, and sentenced to 37 years and four months in state prison. In 2009, his jailors at Pelican Bay State Prison validated him as a member of the Mexican Mafia prison-gang, consequent to which he was placed in the Secured Housing Unit ("SHU") for an indeterminate term.

In 2010, amendments to California Penal Code § 2933.6 rendered certain prison gang members and associates, such as petitioner, ineligible for various time credits. Before the 2010 amendment, "it was apparently possible for validated prison gang members placed in an [administrative segregation unit] to earn conduct credits totaling one-third of their

sentences." *In re Efstathiou*, 200 Cal. App. 4th 725, 728 (Cal. Ct. App. 2011). As grounds for federal habeas relief, petitioner claims that (1) the application of California Penal Code § 2933.6 to him violates the Ex Post Facto Clause; and (2) his gang validation violated his rights to due process.

## STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

**DISCUSSION**

**I.     Ex Post Facto**

Petitioner claims that the application of the amended statute to his sentence violates the Ex Post Facto Clause.  The state superior court, sitting in habeas review of this claim, did not agree, and rejected the claim on the merits, citing *In re Sampson*, 197 Cal. App. 4th 1234 (Cal. Ct. App. 2011).  (Ans., Ex. 3.)  The state appellate and supreme courts summarily denied petitioner's applications for habeas relief.  (*Id.*, Exs. 5 & 6.)

"To fall within the *ex post facto* prohibition, a law must be retrospective — that is, 'it must apply to events occurring before its enactment' — and it 'must disadvantage the offender affected by it,' . . . by altering the definition of criminal conduct or increasing the punishment for the crime."  *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (citations omitted).  A change in the law does not violate the Ex Post Facto Clause if it creates only a speculative and attenuated possibility of increased punishment.  *California Dept. of Corrections v. Morales*, 514 U.S. 499, 514 (1995).  The mere removal of a possibility of earlier release is insufficient.  *Id.* at 508.

Two Supreme Court cases are relevant here, viz., *Weaver v. Graham*, 450 U.S. 24 (1981) and *Lynce*, cited above.  In *Weaver*, the Supreme Court analyzed a state law that changed the formula for calculating good time credits which resulted in reducing the credits available for good conduct.  Because the law at issue decreased the rate at which good time credits could be earned, and effectively increased the punishment for crimes committed before its enactment, it ran afoul of the Ex Post Facto Clause.  *Id.* at 33, 36 (citation omitted).

In *Lynce*, the Supreme Court found an Ex Post Facto violation in a change in a state law concerning provisional early release time credits awarded to inmates to alleviate prison overcrowding.  Lynce had been released prior to the expiration of his 22 year sentence in part because of the high number of credits he had accumulated.  After he was released, the state enacted a law cancelling the overcrowding credits for certain inmates, such as Lynce.  The Supreme Court invalidated the law because it did not merely remove an opportunity for early

release, but instead "made ineligible for early release a class of prisoners who were previously eligible." 519 U.S. at 447.

Turning to the instant matter, the state court's decision was not an unreasonable application of *Weaver* and *Lynce*.[1] This conclusion is supported by two California appellate decisions, *In re Sampson* and *In re Efstatiou*. In *Sampson*, the state appellate court was "not convinced that it [§ 2933.6] punishes the criminal conduct for which petitioner was imprisoned, or that it punishes misconduct that occurred prior to January 25, 2010[, the effective date of the amended 2933.6]":

> [I]f the credit eliminating amendment to section 2933.6 constitutes punishment, ex post facto principles do not bar its application to petitioner here, because it does not impose punishment for the offense that gave rise to petitioner's prison sentence. Rather, if it punishes, it punishes for conduct that occurred after the commission of, or the conviction for, the punishable offense. In other words, petitioner's ineligibility for conduct credit accrual is not punishment for the offense of which he was convicted. Nor is it punishment for gang-related conduct that occurred prior to January 25, 2010, since petitioner was not stripped of conduct credits he had already accrued. It is punishment for gang-related conduct that continued after January 25, 2010.

197 Cal. App. 4th at 1242. The state court rejected the lower's court's concern that the lengthy gang-debriefing process could deprive a prisoner who is no longer committing gang-affiliated misconduct. Such possibility was speculative and attenuated, there being no evidence that if the petitioner completed debriefing, he would be denied all the credits he otherwise would have earned after January 25, 2010. *Id.* at 1243–44.

In *In re Efstathiou*, the state appellate court again rejected an Ex Post Facto challenge to the amended § 2933.6, using a similar analysis as to that in *Sampson*. The state court distinguished *Weaver* by noting that the credits at issue there "were reduced through no

---

[1] The only Supreme Court decision that supports petitioner's challenge is *Greenfield v. Scafati*, 277 F. Supp. 644 (D. Mass. 1967), summarily aff'd, *Scafati v. Greenfield*, 390 U.S. 713 (1968). However, *Greenfield* involved the constitutionality of a change in law which effectively increased a sentence upon revocation of parole. The district court focused particularly on the right to parole and the consequences of denying or burdening that opportunity. *See* 277 F. Supp. at 646. The district court did not analyze the Ex Post Facto doctrine outside the context of parole revocation; it did not address the situation here where the state perhaps has increased punishment (by denying good time credits).

fault of [the prisoner]." 200 Cal. App. 4th at 729.

Habeas relief is not warranted in the instant matter because the state court's decision was reasonable under *Weaver* and *Lynce*. Specifically, the state court's reliance on *Sampson* shows that it (1) used the date of in-prison misconduct after the amendment date of § 2933.6 rather than the date of the underlying criminal offense to determine whether the amended law was retrospective, and (2) determined that the law punished ongoing, not past, conduct. A determination so based was not contrary to, or an unreasonable application of, *Weaver* and *Lynce*.[2] In those cases, good time credits were unilaterally withdrawn or diminished as a result of a change in the rules, a diminution not triggered by any particular misconduct by the prisoner. The reduction in time credits available to those inmates who demonstrated good conduct effectively punished the original crime rather than any recent conduct of the prisoner. Neither *Weaver* nor *Lynce* precludes changes in law that punish prison misconduct occurring after the change in law. In this regard, the state court reasonably determined that § 2933.6 is not being applied retrospectively to petitioner. It penalizes only ongoing prison misconduct occurring after the January 25, 2010 amendment.[3] Also, petitioner can choose to drop out of his prison gang and restore his credit eligibility by completing the prison's debriefing process. Cal. Penal Code § 2933.6(a); Cal. Code Regs. tit. 15, § 3378.1. The state

---

[2] Federal district courts have uniformly rejected Ex Post Facto challenges to section 2933.6. These courts have found either (1) no constitutional violation, *see*, *e.g.*, *Loredo v. Gipson*, 2013 WL 1281570 (E. D. Cal. 2013) and *Mares v. Stainer*, 2012 WL 345923 (E. D. Cal. 2012), or (2) the absence of clearly established Supreme Court precedent justifying issuance of the writ, e.g., *Nevarez v. Lewis*, 2012 WL 3646895 (N. D. Cal. 2012) (Illston, J.), and *Baisa v. Lewis*, 2013 WL 1117798 (N. D. Cal. 2013) (Koh, J.).

[3] Several federal appellate courts have adopted views consistent with California's analysis of the Ex Post Facto claim. *See Ellis v. Norris*, 232 F.3d 619, 620–21 (8th Cir. 2000) (prisoner received all the accrued extra good time credits and only lost the ability to be awarded additional good time credits); *Abed v. Armstrong*, 209 F.3d 63, 66 (2d Cir. 2000) (rejecting Ex Post Facto challenge to administrative directive adopted ten years after petitioner was sentenced that disallowed good time credits for inmates classified as security risk group safety threat members, because no good time credit earned before the directive was forfeited and petitioner was not so classified until after the directive was in effect); *see Carey v. Musladin*, 549 U.S. 70, 76–77 (2006) (varying views of lower courts on issue reflects lack of guidance by Supreme Court precedent).

1 courts' decisions were reasonable, and therefore are entitled to AEDPA deference.  This
2 claim is DENIED.

**II.    Due Process**

Petitioner claims that his validation as a prison-gang associate violated due process.  This claim was not addressed directly by any of the state courts.  When presented with a state court decision that is unaccompanied by a rationale for its conclusions, a federal court must conduct an independent review of the record to determine whether the state-court decision is objectively unreasonable.  *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).  This review is <u>not</u> de novo.  "[W]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."  *See Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).

Gang affiliation may be prison misconduct, but it is treated differently from other prison misconduct.  Prison officials have chosen to deal with prison gang affiliation as an administrative decision rather than a disciplinary decision:  upon gang validation, the inmate may be put in the SHU indefinitely as an administrative placement.  Treating the SHU placement as administrative rather than disciplinary results in fewer procedural protections being required as a matter of federal due process at the time the prisoner is validated as a gang affiliate.  Compare *Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986) (procedural protections for administrative decision), with *Wolff v. McDonnell*, 418 U.S. 539, 564–70 (1974) (procedural protections for disciplinary decisions).

When prison officials determine whether a prisoner is to be administratively segregated, due process requires that:  (1) the prisoner be informed of the charges against him or the reasons segregation is considered; (2) prison officials hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated; and (3) the prisoner be allowed to present his views.  *Toussaint*, 801 F.2d at 1100 (overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)).  "[T]he due process clause does

not require detailed written notice of charges, representation by counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." *Id.* at 1100–01.

Habeas relief is not warranted here because petitioner received constitutionally adequate process. He admits he received a notice of evidence supporting the validation, was informed that he had a right to comment on that evidence, and also was informed of the reasons he was being validated and being transferred to the SHU. (Pet. at 6.) In addition to having had these due process protections, his jailors review his SHU placement every 180 days at which time he has an opportunity to be heard. Also, as stated above, he can at any time debrief to revoke his prison-gang affiliation status, and thereby be eligible for transfer out of the SHU and to earn credits. (Ans. at 12.)

Upon independent review of the record, the state courts' decisions were not objectively unreasonable. Also, petitioner has not shown that there was no reasonable basis for the state court to deny relief. Accordingly, this claim is DENIED.

## CONCLUSION

The state court's adjudication of the claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit. The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED**.

DATED: February 4, 2014

RICHARD SEEBORG
United States District Judge